| | | |
|---|---|---|
| **GEORGE MICHAEL THOMSON,** | * | |
| | * | **CIVIL ACTION NO.** |
| **Plaintiff** | * | |
| | * | **DIVISION** |
| versus | * | **JUDGE** |
| | * | |
| **WESTLAKE CHEMICAL** | * | **MAG. NO.** |
| **CORPORATION,** | * | **MAG. JUDGE** |
| | * | |
| **Defendant** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT AND JURY DEMAND

The Plaintiff, George Michael Thomson, Jr., a person of the full age of majority and a resident of the Parish of Calcasieu, State of Louisiana, states the following:

### NATURE OF THE ACTION

1. This is an action to remedy retaliation on the basis of sex in the terms, conditions and privileges against George Michael Thomson, Jr. in violation of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5, et seq.

2. Appropriate legal and equitable relief is sought pursuant to 42 U.S.C. §2000e-5, et seq.

3. The Plaintiff filed a minimally sufficient charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on September 4, 2018 against Westlake Chemical Corporation complaining of the acts of discrimination which are also alleged herein. The Plaintiff received a Notice of Right to Sue which is dated November 27, 2018.

4. The Plaintiff has fully complied with all prerequisites and conditions precedent to jurisdiction in this Court under Title VII. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331, 1337, and 1343.

5. Venue in this Court is proper based on 28 U.S.C. §1391. The employment practices

about which the Plaintiff complains herein were committed within the jurisdiction of this Court.

## PARTIES

6. George Michael Thomson (hereinafter "Thomson"), the Plaintiff herein, began working for the Defendant, Westlake Chemical Corporation (hereinafter "Westlake Chemical") on September 25, 2017 at its facility in Westlake, Louisiana with an initial orientation. After one week, the Plaintiff began two weeks of training classes for Basic Operator taught by Richard Nyberg at the campus of McNeese State University. The Plaintiff then trained at Westlake Chemical's facility in Westlake.

7. On November 28, 2017, the Defendant terminated the Plaintiff from his position as a trainee for the position of Basic Operator after he reported that Nyberg sexual harassed him and some other trainees and that the Defendant treated him differently while he trained.

8. Westlake Chemical, the Defendant herein, has continuously been an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq., at all relevant times.

9. Plaintiff filed a charge of discrimination with the EEOC alleging violations of the Title VII of the Civil Rights Act of 1964 within 300 days of the last violation. All conditions precedent to the filing of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

10. Since at least November 28, 2017, the Defendant has engaged in unlawful employment practices in Westlake, Louisiana by terminating Thomson from his position as a Basic Operator trainee with the Defendant's Westlake operation on the basis of his having opposed practices made illegal under Title VII of the Civil Rights Act of 1964.

11. At the time that the Defendant employed him, Nyberg sexually harassed Thomson

during the training classes required to become a Basic Operator. Thomson reported the sexual harassment to the human resources department at the Westlake facility. Thomson began the training and testing at the Westlake facility after three weeks. On or about November 24, 2017, Thomson reported the sexual harassment and differences in his training compared to those who had not reported the sexual harassment and had not been the first to report the sexual harassment to the "My Safe Workplace" phone number provided to employees.

12. The Defendant claimed that on November 28, 2017 it fired Thomson from his position as a Basic Operator trainee because he failed the training.

13. The Defendant treated other trainees who did not report sexual harassment or who did not disclose the sexual harassment prior to the Plaintiff's report without retaliation, including that it provided better training with its training officials, its employees training at the facility did not ridicule the other trainees, and it allowed other Basic Operator trainees to retake tests after initial failures.

14. The actions by the Defendant about which the Plaintiff complains violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-5.

15. The effect of these practices has been to deprive Thomson of equal employment opportunities by terminating his employment improperly on the basis of Thomson's having complained about, reported, and provided statements about sexual harassment that he and other trainees experienced.

16. Thomson has sustained injuries, including the loss of pay, both past and future, as well as pain and suffering and mental anguish and distress, as a result of the Defendant's actions.

17. The Plaintiff requests a trial by jury on all matters which are triable by a jury.

**WHEREFORE,** the Plaintiff, George Michael Thomson, Jr., respectfully requests that this Court:

I. Issue a judgment recognizing that the acts and practices about which the Plaintiff complains herein are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq.;

II. Issue a judgment directing the Defendant to place the Plaintiff in the position that he would have been in if the Defendant had not retaliated against him on the basis of the Plaintiff having reported and provided statements about sexual harassment that he and other employees experienced from Richard Nyberg and to make him whole by awarding him back pay, front pay, benefits, medical expenses and other specific compensatory damages, as appropriate, with judicial interest;

III. Awarding the Plaintiff general compensatory damages as appropriate for his pain and suffering and mental anguish and distress;

IV. Awarding the Plaintiff his attorneys' fees; and

V. Granting any and all further general and equitable relief.

Respectfully submitted,

JAMES F. DeROSIER, La. Bar Roll No. 27342
DEROSIER LAW FIRM, LLC
125 W. School Street
Lake Charles, LA 70605
(337)474-0820 Phone
(337)478-6624 Facsimile
jimmyjfd@aol.com E-mail
Attorney for George Michael Thomson, Jr.

DWAN S. HILFERTY
ATTORNEY AT LAW

701 Papworth Avenue
Suite 208A
Metairie, LA 70005
(504) 219-0449
(504) 430-2891
dwanhilferty@cox.net E-mail
Attorney for George Michael Thomson, Jr.